Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Theresa M. Santos
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Ray Graham

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAY GRAHAM,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FLOWERS BAKING COMPANY OF HENDERSON, LLC., a Nevada corporation; AND DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No.:  2:20-cv-00153<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL**) |

COMES NOW, Plaintiff, Ray Graham (herein "PLAINTIFF") and files this civil action against Defendants, and each of them, for violations of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000(e) et. seq., 42 U.S.C. 1981, 42 U.S.C. §12112 et seq., as well as violations under Nevada Revised Statutes §613.330 et. seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

//
//
//
//
//

**COMPLAINT**
-1-

**JURISDICTION AND VENUE**

1. This Court has jurisdiction and venue over this action pursuant to Civil Rights Act of 1964, as amended 42 U.S.C. 2000(e) et. seq., 42 U.S.C. 1981 et seq., and 42 U.S.C. §12112 et seq., which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted his administrative remedies.

5. All conditions precedent to jurisdiction under section 42 U.S.C. 2000(e) et. seq., 42 U.S.C. 1981, and 42 U.S.C. §12101 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated November 1, 2019. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//

## PARTIES

### PLAINTIFF

8. PLAINTIFF, RAY GRAHAM, was a qualified/eligible "employee" of DEFENDANT, within the meaning of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000(e), 42 U.S.C. §1981, and 42 U.S.C. §12112 et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 *et seq.*; and related claims under Nevada law.

### DEFENDANTS

9. Defendant, FLOWERS BAKING COMPANY OF NEVADA, LLC, (hereinafter "FLOWERS" or "DEFENDANT") is a domestic limited liability company, qualified to do business in Nevada.  DEFENDANT employs 15 or more employees and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000(e), 42 U.S.C. §1981, and 42 U.S.C. §12112 et seq.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner.  PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained**.**

### STATEMENT OF FACTS

11. PLAINTIFF is a former employee of DEFENDANT, where he worked as a production technician and supervisor.  At the time of his employment, PLAINTIFF'S pay consisted of an hourly wage of $24.50.  He was employed by DEFENDANT from approximately November 21, 2013 to approximately March 27, 2019.

12. PLAINTIFF is black/African American.

13. Throughout his employment, PLAINTIFF witnessed and experienced numerous instances of racial discrimination by his direct supervisor, Alex Irvine.

//

14. Mr. Irvine would regularly yell and scream at PLAINTIFF and other African American employees. He did not yell and scream at non-black/African American employees.

15. Mr. Irvine would regularly grab papers out of PLAINTIFF'S hands and out of the hands of other African American employees and throw them in the trash. Mr. Irvine would not act similarly toward non-black/African American employees.

16. In April 2018, PLAINTIFF submitted a written complaint about the racial discrimination to production manager Jesse Bonner and superintendent Mike Rapive.

17. Neither Mr. Bonner nor Mr. Rapive responded to PLAINTIFF'S complaint.

18. On or about June 1, 2018, PLAINTIFF wrote a letter to Defendant's corporate headquarters in Georgia, expressing his concerns regarding racial discrimination by Alex Irvine and Jessie Bonner. PLAINTIFF indicated that he had been training for a supervisor position on the bread side of the plant for over a year and had still not been promoted. All other trainees, non-black/African Americans, had been promoted within two weeks of training.

19. PLAINTIFF never received a response to his written complaint to Defendant's corporate headquarters.

20. Following the submission of his written complaint to headquarters, Mike Rapive removed PLAINTIFF'S name from the plant work schedule. When Plaintiff addressed this issue with Mr. Rapive, Mr. Rapive stated, "Just show up. Your work hours are 7 a.m. to 3:30 p.m.". Up until this point, PLAINTIFF'S work hours had been 5 a.m. to 1:30 pm.

21. PLAINTIFF began working the new hours as required, but his name never reappeared on the weekly work schedule.

22. On or about August 1, 2018, DEFENDANT transferred PLAINTIFF from the bread side of the plant to the bun side of the plant where he worked as a lead production technician.

23. On or about August 17, 2018, PLAINTIFF was hospitalized for right neck abscess and sepsis. Soon thereafter, PLAINTIFF'S physician informed him that he was suffering memory loss – a side effect of sepsis.

//

24. Shortly after he returned to work, DEFENDANT promoted Plaintiff to supervisor of the bun side of the plant.

25. PLAINTIFF'S new superintendent, LaDora Allen, informed him that the reason he was promoted to supervisor on the bun side of the plant was because management was furious that PLAINTIFF complained to corporate headquarters and wanted to show that they were not discriminating against him for his race/color.

26. LaDora Allen further informed PLAINTIFF that Jessie Bonner intended to put him on an action plan when PLAINTIFF began working days. It was generally understood throughout the plant that being placed on an action plan was the first step in being demoted.

27. PLAINTIFF began working the day shift on or about February 28, 2019.

28. Almost immediately, Jessie Bonner and Mike Rapavie placed PLAINTIFF on an action plan.

29. Neither Jessie Bonner, Mike Rapavie nor Joe Zimkus provided PLAINTIFF with any guidance in complying with his action plan, despite PLAINTIFF'S multiple requests for assistance.

30. On or about March 22, 2019, PLAINTIFF informed LaDora Allen and Jessie Bonner about his memory loss and his desire to take several days off of work to address this condition with an established out-of-state physician.

31. LaDora Allen granted PLAINTIFF the requested time off.

32. Shortly after his return to work, PLAINTIFF heard subordinate co-workers discussing his condition, commenting about his inability to spell words, and laughing about it.

33. Soon thereafter, management for DEFENDANT administered a spelling test to PLAINTIFF.

34. PLAINTIFF passed the spelling test.

35. Upon learning that PLAINTIFF passed the spelling test, one of Defendant's managers commented, "He did it so he will survive for now."

36. On or about March 23, 2019, PLAINTIFF sent a group email to management, expressing his frustration that he had been placed on an action plan without any justification.

37. PLAINTIFF also noted in his March 23, 2019 correspondence that he believed he was being targeted because of his race/color.

38. Defendant discharged PLAINTIFF on March 27, 2019.

## COUNT I

## RACE DISCRIMINATION

**Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000(e)**

**NV Rev. Stat. §613.330 et seq.**

**(Against All Defendants)**

39. PLAINTIFF hereby incorporates paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. PLAINTIFF was discriminated against by the DEFENDANT in the terms, conditions, privileges and benefits of his employment based upon his race, being an African American ("black").

41. PLAINTIFF was qualified for his position.

42. PLAINTIFF was retaliated against after he opposed and complained about the discriminatory treatment he received because of his race of being black/African American.

43. PLAINTIFF suffered one or more adverse job consequences intentionally imposed by DEFENDANT including, but not limited to, termination.

44. One or more of Plaintiff's co-workers who were not of PLAINTIFF'S race were treated more favorably in the terms and conditions of their employment than PLAINTIFF was treated.

45. DEFENDANT'S discriminatory and retaliatory treatment of Plaintiff in his employment was in violation of Title VII of the Civil Rights Act of 1964.

46. The actions of DEFENDANT were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of PLAINTIFF.

47. As a direct and proximate result of DEFENDANT'S violation of PLAINTIFF'S rights as alleged, PLAINTIFF'S terms, conditions, and privileges of employment were adversely affected.

48. As a direct and proximate result of DEFENDANT'S wrongful acts and omissions, PLAINTIFF has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

49. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT II

## RETALIATION

**Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e-3**

**NV Rev. Stat. §613.330 et seq.**

**(Against All Defendants)**

50. PLAINTIFF hereby incorporates paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. PLAINTIFF was retaliated against after he engaged in protected activity of opposing and complaining about the discriminatory treatment he received in DEFENDANT'S workplace as fully described herein.

52. As a direct and proximate result of DEFENDANT'S violation of PLAINTIFF'S rights as alleged PLAINTIFF suffered one or more adverse job consequences intentionally imposed by DEFENDANT including, but not limited to, discharge from employment. This consequence was of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

53. A causal link exists between the protected activity and the adverse action as fully described herein.

54. PLAINTIFF was retaliated against by DEFENDANT willfully, embarrassingly, and harassingly because he had opposed the DEFENDANT'S practices and actions made illegal under 42 U.S.C. §2000e-2 as fully described herein.

55. DEFENDANT'S discriminatory and retaliatory treatment of the PLAINTIFF in his employment was in violation of 42 U.S.C. §2000e-3.

56. As a direct and proximate result of DEFENDANT'S wrongful acts and omissions, PLAINTIFF has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

57. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT III

## RACE DISCRIMINATION

### 42 U.S.C. §1981

### NV Rev. Stat. §613.330 et seq.

### (Against All Defendants)

58. PLAINTIFF hereby incorporates paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. DEFENDANT has violated the Civil Rights Act of 1866, as amended, through the actions of its managers and officials in failing to provide equal opportunity to black/African American employees as it does to its Caucasian employees and by actively working to discharge black/African American employees from employment.

60. DEFENDANT intentionally retaliated against PLAINTIFF for his opposing its discriminatory and illegal conduct under the Act and for demanding equal treatment in his relations with Defendant as described herein.

61. The actions of DEFENDANT were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of PLAINTIFF.

62. As a direct and proximate result of DEFENDANT'S violation of PLAINTIFF'S rights as alleged, PLAINTIFF'S terms, conditions, and privileges of employment were adversely affected.

63. As a direct and proximate result of DEFENDANT'S wrongful acts and omissions, PLAINTIFF has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical

and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

64. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT IV

## RETALIATION

### 42 U.S.C. §1981

### NV Rev. Stat. §613.330 et seq.

### (Against All Defendants)

65. PLAINTIFF hereby incorporates paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66. PLAINTIFF was retaliated against after he engaged in protected activity of opposing and complaining about the discriminatory treatment he received in DEFENDANT'S workplace as fully described herein.

67. PLAINTIFF suffered one or more adverse job consequences intentionally imposed by DEFENDANT including, but not limited to, discharge from employment. This consequence was of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

68. A causal link exists between the protected activity and the adverse action as fully described herein.

69. PLAINTIFF was retaliated against by Defendant willfully, embarrassingly, and harassingly because he had opposed the Defendant's practices and actions made illegal under 42 U.S.C. §1981 as fully described herein.

70. DEFENDANT'S discriminatory and retaliatory treatment of the PLAINTIFF in his employment was in violation of 42 U.S.C. §1981.

71. The actions of DEFENDANT were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of PLAINTIFF.

//

//

72. As a direct and proximate result of DEFENDANT'S violation of PLAINTIFF'S rights as alleged, PLAINTIFF'S terms, conditions, and privileges of employment were adversely affected.

73. As a direct and proximate result of DEFENDANT'S wrongful acts and omissions, PLAINTIFF has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

74. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT V

## INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH DISABILITIES ACT

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**

**(Against All Defendants)**

75. PLAINTIFF hereby incorporates paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76. At all times material hereto, PLAINTIFF was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 U.S.C. §12112 et seq.

77. At all times material hereto, PLAINTIFF was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

78. PLAINTIFF is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

79. Memory loss is a mental disability that substantially limits one or more major life activities.

80. PLAINTIFF was able to perform his job duties without any accommodation.

81. DEFENDANT was aware of PLAINTIFF'S memory loss.

//

82. PLAINTIFF'S disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in DEFENDANT'S decision to terminate him.

83. PLAINTIFF'S disability was a factor that made a difference in DEFENDANT'S decision refuse to answer his questions or assist him.

84. The actions of DEFENDANT were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of PLAINTIFF.

85. As a direct and proximate result of DEFENDANT'S violation of PLAINTIFF'S rights as alleged, PLAINTIFF'S terms, conditions, and privileges of employment were adversely affected.

86. As a direct and proximate result of DEFENDANT'S wrongful acts and omissions, PLAINTIFF has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

87. PLAINTIFF requests relief as described in the Prayer for Relief below.

## COUNT VI

## HOSTILE WORK ENVIRONMENT

**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e** *et seq.***)**

**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981** *et seq.***)**

**NV Rev. Stat. §613.330** *et seq***.**

**(Against All Defendants)**

88. PLAINTIFF hereby incorporates paragraphs 1 through 87 of this Complaint as though fully set forth herein.

89. PLAINTIFF was subjected to yelling/shouting from his supervisors, a refusal by his supervisors to assist him with his action plan, as required, company-wide sharing of his confidential health information, and subjection to a spelling test during his employment with DEFENDANT, which was perpetrated upon him by DEFENDANT, and that this conduct was based upon and directed at PLAINTIFF by reason of his race and/or disability.

COMPLAINT
-11-

90. The conduct was unwelcome.

91. The conduct was sufficiently severe or pervasive to alter the conditions of PLAINTIFF'S employment and create an abusive and/or hostile work environment;

92. This harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with PLAINTIFF'S physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

93. Plaintiff perceived the working environment to be abusive or hostile.

94. During the times referenced herein, PLAINTIFF discovered that confidential health information regarding his memory loss, which he provided in confidence to his supervisor, was shared throughout the work site. PLAINTIFF overheard his co-workers laughing about his medical condition. PLAINTIFF'S managers subjected him to a spelling test and expressed surprise when he passed.

95. PLAINTIFF and another black employee were the only individuals placed on an action plan during 2018-2019.

96. DEFENDANT'S placement of PLAINTIFF on an action plan was a pre-textual reason for DEFENDANT to discharge PLAINTIFF.

97. PLAINTIFF was the only employee DEFENDANT ever subjected to a spelling test.

98. DEFENDANT would render assistance to white employees, but would ignore PLAINTIFF'S request for assistance.

99. As a direct and proximate result of the harassing and hostile environment of DEFENDANTS and his supervisors, PLAINTIFF suffered great embarrassment, humiliation and mental and physical anguish.

100. DEFENDANT'S unlawful actions were intentional, willful, malicious and/or done with reckless disregard for PLAINTIFF'S federally protected rights.

101. DEFENDANTS through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of DEFENDANTS described above thereby ratifying the unlawful conduct of its agents or supervisors.

102. As a direct and proximate result of DEFENDANT'S wrongful conduct, PLAINTIFF has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

103. In doing the things alleged herein, DEFENDANT'S conduct was despicable, and DEFENDANT acted toward PLAINTIFF with malice, oppression, fraud, and with willful and conscious disregard of PLAINTIFF'S rights, entitling PLAINTIFF to an award of punitive damages.

104. DEFENDANT'S conduct described herein was engaged in by managing agents for DEFENDANT and/or ratified by managing agents.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

1. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;
2. Compensatory Damages in accordance with 42 U.S.C. §2000e, 42 U.S.C. §1981a, 42 U.S.C. §12117, and other applicable statutes;
3. Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes;
4. Punitive Damages in accordance with 42 U.S.C. §2000e, 42 U.S.C. §1981a, 42 U.S.C. §12117, and other applicable statutes;
5. Costs of suit incurred herein; and
6. Such other and further relief as the court deems just and proper.

DATED this 22nd day of January, 2020.            WATKINS & LETOFSKY, LLP

By:    */s/ Daniel R. Watkins*
      Daniel R. Watkins
      Theresa M. Santos
      8215 S. Eastern Ave., Ste. 265
      Las Vegas, NV 89123
      Attorneys for Plaintiff, Ray Graham

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED this 22nd day of January, 2020.        WATKINS & LETOFSKY, LLP

By:  */s/ Daniel R. Watkins*
_____
Daniel R. Watkins
Theresa M. Santos
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Attorneys for Plaintiff, Ray Graham